REVISED

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 1, 2020

Lyle W. Cayce
Clerk

No. 20-20229
Summary Calendar

Taajwar Ali,

*Plaintiff—Appellee*,

*versus*

Rodney Sneed,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-25

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Taajwar Ali, an educational aide at Harris County Department of Education Academic Behavior School, brought a Fourth Amendment excessive-force claim under 42 U.S.C. § 1983 against Rodney Sneed, his co-

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20229

worker who is a contract sheriff's deputy at the school. Sneed moved for summary judgment, asserting qualified immunity. When ruling on Sneed's motion for summary judgment, the district court flagged, in a footnote, "the possibility that Sneed was not acting under the color of state law when he allegedly punched Ali." The district court noted that "defendants appear to have conceded the issue" of state action.[1] Although the district court did not determine whether Ali had pleaded state action to maintain his § 1983 claim, it nevertheless denied Sneed's motion for summary judgment. Sneed timely appealed.

We need not address the merits of Sneed's appeal because the district court did not first determine whether it had subject-matter jurisdiction over the case. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (providing that state action "is required in order to invoke the district court's jurisdiction). "Subject-matter jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Moreover, "[w]hen a requirement," such as state action, "goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." *Id.* (citation omitted). Because the district court did not determine whether the use of force was related to Sneed's state-granted authority, the district court did not fulfill its obligation to determine if it had subject-matter jurisdiction over this case. Accordingly, we REMAND the case to the district court with instructions to determine if the district court has subject-matter jurisdiction.

---

[1] However, the record reflects that Sneed did not concede the state action. In his answer, Sneed "denies that he was acting within the scope of his employment at the time of the alleged incident."